**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60720

GEORGIA CASUALTY AND SURETY CO., as Subrogee
of Odom Indus., Inc.,

Plaintiff-Appellant,

VERSUS

SANDOZ AGRO, INC.,

Defendant-Appellee.

*          *          *          *          *          *          *

MARYLAND CASUALTY CO., as Subrogee of Odom
Indus., Inc.,

Plaintiff-Appellant,

VERSUS

SANDOZ AGRO, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(4:95-CV-94LN)

July 18, 1997

Before HIGGINBOTHAM, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[1]

Plaintiffs-Appellants, Georgia Casualty and Surety Company

---

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

and Maryland Casualty Company, as subrogees of Odom Industries, Inc. ("Odom"), appeal the district court's order of September 19, 1996, granting a summary judgment motion in favor of Defendant-Appellee Sandoz Agro, Inc. ("Sandoz"). Appellants also contest the district court's affirmance of sanctions imposed by a magistrate judge.

In 1992, Odom entered into a contractual relationship with Sandoz to "formulate" certain chemicals manufactured by Sandoz. As a formulator, Odom's responsibility was to process and blend raw chemicals provided by Sandoz and thereby create a product for commercial use. One of these chemicals was prodiamine, a hazardous compound used to produce herbicides. The contract executed by the parties stated that the "Contractor shall formulate, blend or package Product or repackage Chemical in accordance with Sandoz' [sic] directions."

On December 19, 1992, an accident occurred at Odom's facilities while processing prodiamine which resulted in $1.2 million in damages. Appellants, as subrogees of Odom, brought suit against Sandoz. They urge that they are entitled to relief due to Sandoz's negligence in failing to institute adequate safety measures at Odom's plant. Specifically, the appellants claim that Sandoz was negligent in failing to insist that Odom use an "inerting system," designed to prevent the type of explosion that the appellants assert occurred.

The district court ruled, *inter alia*, that Sandoz owed no affirmative duty to Odom that would require Sandoz to mandate all necessary safety precautions in the processing of Sandoz's products. The district court noted the language in the contract related to "formulat[ing] . . . in accordance" with Sandoz's directions and determined that

> there simply is no likelihood that the contracting parties could have intended that Sandoz, on the strength of nothing more than such general language [in the contract], could have required that Odom, whose processing facilities it had thoroughly investigated before signing the contract, make the significant expenditure of time and money that installation of such a system would have necessitated.

(footnote omitted).

The court further held that even if the contract could be construed to find that Sandoz had the authority to require an inerting system, it had no duty to do so. We agree with the conclusion of the district court and find that the appellants do not point to any evidence which would compel the opposite result.

Additionally, the appellants dispute the district court's affirmance of a $1000 sanction ordered by a magistrate judge for failing to comply with discovery rules. Because we find no abuse of discretion, we reject the appellants' arguments.

We find no error in the district court's order of September 19, and thus we AFFIRM.

3